THE CITY OF FREEPORT, Plaintiff-Appellant, *v.* ALLEN SCHULZ, Defendant-Appellee.

Second District (2nd Division)   No. 74-379

Opinion filed March .29, 1976.—Rehearing denied April 28, 1976.

Woodruff A. Burt, of Freeport, for appellant.

James G. Madden, of Freeport, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a declaratory judgment action by plaintiff city of Freeport to determine the ownership of fees paid to defendant Allen Schulz, city clerk of Freeport. The circuit court of Stephenson County gave judgment for defendant and the city appeals.

The defendant, Allen Schulz, was the duly appointed city clerk for the city of Freeport, Illinois, from May 1, 1971, to April 30, 1973. Schulz was also appointed as the local registrar for the Department of Public Health for the State of Illinois from April 28, 1971, to April 1, 1973. The present dispute concerns the proper disposition of certain fees which were paid to Schulz by the Department of Public Health for the services he performed as local registrar.

At all times prior to the defendant's appointment as city clerk and for substantially all of his term in office, the positions of city clerk and local registrar were held by the same individual serving in both capacities. The city clerk was paid a salary by the city which was intended to be the total compensation for his services. However, the county government had a duty to pay the local registrar certain fees for his services. From time to time the county issued checks payable to the city clerk for these services. These checks were then endorsed by the city clerk payable to the city and deposited in the corporate fund. This arrangement was followed by all of the defendant's predecessors and by the defendant also during the first part of his term in office. Subsequently he refused to transfer these fees to the city.

In April of 1972 Schulz received a check from the county for fees due the local registrar for the calendar year 1971 in the sum of $1,518. This check was endorsed by him in favor of the city and deposited in the city's corporate fund in the same manner as all similar checks for registrar's fees had been handled prior to Schulz's term in office. Of the total amount of

that check, $508 had accrued as fees due his immediate predecessor and are not in issue here. Schulz later claimed ownership of the other $1,010 and has demanded that the city pay him that amount as reimbursement.

In April of 1973 Schulz received another check for fees due the local registrar. This one was for the calendar year 1972, in the sum of $1,410. Schulz retained these fees as his own property, however, and refused to transfer these funds to the city. He contended that section 10(4) of the Vital Records Act (Ill. Rev. Stat. 1973, ch. 111½, §73—10(4)) gave him the right to claim the fees as his own.

In addition, certain fees accrued during 1973 while the defendant remained in office as local registrar. These fees are currently held by the county clerk of Stephenson County pending the ultimate disposition of this case. Both parties claim the rightful ownership of these disputed funds.

A declaratory judgment action was brought to determine the proper disposition of these funds. After hearing testimony from the mayor of the city of Freeport and from the defendant, the circuit court dismissed the city's prayer for relief and decreed that the defendant was the proper owner of the disputed fees. Basing its ruling solely on defendant's construction of section 10 of the Vital Records Act (Ill. Rev. Stat. 1973, ch. 111½, §73-10) the court declared that the fact the city had no ordinance in effect pursuant to the "requirement" of that statute was the "controlling and legally binding fact as brought out in the evidence upon which the Court does make its judgment."

This appeal is taken to reverse each provision of the court order granting defendant the right to retain the fees paid to him as local registrar.

The Vital Records Act (Ill. Rev. Stat., ch. 111½, §§73—1 through 73—29), section 7, provides for eligibility and appointment of local registrars. The defendant herein was appointed local registrar because he was, in fact, the city clerk of Freeport. He and his predecessors in the office at no time regarded the fees as their own until discovery of the amendment to section 10, effective July 1, 1970, which added a fourth paragraph to that section in pertinent part as follows:

> "(4) If the corporate authorities of any city * * * so direct by ordinance, the fees payable to any officer or employee, acting as registrar * * *, of such city * * * shall be transmitted directly, * * * to the treasurer of the political subdivision * * * for deposit in the corporate account."

The fees received by the local registrar were due to the fact that he was city clerk. The fees were in compensation for official acts—not personal acts. If it be granted that he was made an agent of the State government, his relations to the city were not thereby changed. He was still its officer, receiving these fees because he was. He was given a fixed salary with the express limitation that it should be his complete compensation. He agreed

that all other moneys received by him officially should be paid into the treasury of the city. He was given office accomodations and clerks to assist him. We hold that the fees in question were received by or due to the city clerk in his official capacity as city clerk and should be paid over to the city of Freeport. See *People v. Witzeman*, 268 Ill. 508, 512; Ill. Const., art. VII, §9.

The judgment of the circuit court of Stephenson County is reversed and the cause is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.